IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| FUEL ON HAZLETON, LLC, | : | BANKRUPTCY NO.: 5-12-bk-00704-JJT |
| DEBTOR | : | |
| ROBERT P. SHEILS, JR., ESQUIRE CHAPTER 7 TRUSTEE, | : | {**Nature of Proceeding**: Defendant's Motion to Dismiss the Trustee's Second Amended Complaint (#26)} |
| PLAINTIFF | : | |
| vs. | : | |
| MANN CORPORATION, | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-13-ap-00256-JJT** |

# OPINION[1]

The Trustee has filed an eighteen (18) paragraph Second Amended Complaint for Preferential Transfer or in the Alternative Fraudulent Transfer of Property of the Estate against Mann Corporation (hereinafter "Mann" or "Defendant"). As with the original Complaint, the Amended Complaint was met with a Motion to Dismiss. The Defendant argues that the Trustee has not pled facts sufficient to support a claim under either Section 547 or Section 548 of the Bankruptcy Code.

In considering a motion to dismiss, the Rule is that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) *citing Bell*

---

[1] Drafted with the assistance of Richard P. Rogers, Career Law Clerk.

*Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 at 1969 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 127 S.Ct. at 1965.

In this regard, the Court will "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d at 233 *citing Twombly*, 127 S.Ct. at 1969 n.8 and *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002).

Federal Rule of Bankruptcy Procedure 7010 (Form of Pleadings) makes effective to adversary proceedings Federal Rule of Civil Procedure 10. Rule 10(b) provides, in pertinent part, to "promote clarity, each claim founded on a separate transaction or occurrence - and each defense other than a denial - must be stated in a separate count or defense." While technically it can be argued that there was only one transfer and, therefore, only one occurrence, the Court believes the better practice would be to divide into separate accounts the claims under Sections 547 and 548.

Regardless, the Court finds that the claim under Section 547 was not supported by sufficient allegations. Section 547 addresses claims where creditors receive preferential treatment. Nowhere in the pleadings does the Trustee allege that there was any antecedent debt owed by the Debtor to the Defendant before the alleged transfer was made. Additionally, the Trustee did not allege that Mann was even a creditor of the Debtor. Applying the standards that I cited earlier, the Court will dismiss that portion of the Complaint alleging a claim under 11 U.S.C. § 547.

Addressing the claim asserted and the allegations in support under 11 U.S.C. § 548 (Fraudulent Transfers and Obligations), the Court finds that sufficient allegations have been made by the Trustee against the Defendant and, therefore, will deny that portion of the Motion to Dismiss.

The Defendant is directed to file an Answer to the Complaint within twenty-one (21) days of the date of my Order.

My Order will follow.

Date: October 3, 2014

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)